**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. RIGHT TO KNOW,<br>4096 Piedmont Avenue #963<br>Oakland, CA 94611,<br><br>and<br><br>CAREY GILLAM,<br>5525 Golden Bear Drive<br>Overland Park, KS 66223,<br><br>Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiffs U.S. Right to Know and Carey Gillam bring this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the Environmental Protection Agency ("EPA") to produce records in response to a FOIA request. Almost a year ago, a report assessing the cancer risk of the active ingredient in Monsanto's Roundup herbicide appeared on EPA's website. EPA quickly retracted the report, only to post it again a few months later. Not long after EPA's retraction of the report, the chair of the committee that authored the report left EPA. Plaintiffs' FOIA request sought records related to that cancer risk assessment report, including communications between EPA and Monsanto.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff U.S. Right to Know is a nonprofit organization that works to advance transparency and accountability in the nation's food system by investigating matters important to public health that are often hidden from public scrutiny. The group shares its findings with news outlets and through its own published reports.

4. Plaintiff Carey Gillam is a journalist with over twenty years of experience. She serves as the research director of U.S. Right to Know and regularly publishes articles based on the results of her investigations. She has specialty knowledge of food and agriculture issues, especially biotech crop technology and pesticide product development and the environmental impacts of both.

5. Defendant EPA is an agency of the United States. EPA has possession of and control over the records that Plaintiffs seek.

## FACTUAL BACKGROUND

### EPA's Cancer Risk Assessment for Glyphosate

6. Glyphosate is a synthetic chemical used in agricultural crop production to kill weeds. It is also a popular herbicide for use on lawns and gardens, business and municipal properties, and golf courses. It is one of the most widely used weed killers in the United States, with nearly 300 million pounds of glyphosate applied on average on U.S. farms each year. Douglas Main, *Glyphosate Now the Most-Used Agricultural Chemical Ever*, Newsweek, Feb. 2, 2016, http://www.newsweek.com/glyphosate-now-most-used-agricultural-chemical-ever-422419. It is

the active ingredient in the herbicide sold as Roundup, a product manufactured by the agriculture company, Monsanto.

7. Federal law requires that all pesticides sold in the United States be registered by EPA, 7 U.S.C. § 136 *et seq.*, based on EPA's determination that the product will not cause unreasonable adverse effects to humans or the environment when used as directed. *See* EPA, *Pesticide Registration Manual*, https://www.epa.gov/pesticide-registration/pesticide-registration-manual-chapter-1-overview-requirements-pesticide (last visited Mar. 8, 2017).

8. Pesticide registration review is "a program where all registered pesticides are reviewed at least every 15 years as mandated by the Federal Insecticide, Fungicide, and Rodenticide Act." EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* 12 (Sept. 12, 2016), https://www.regulations.gov/contentStreamer?documentId=EPA-HQ-OPP-2016-0385-0094&contentType=pdf.

9. When a pesticide is proposed for registration or re-registration, EPA's Office of Pesticide Programs reviews studies to evaluate the pesticide's potential for causing cancer. The Cancer Assessment Review Committee (CARC) then reviews these results and recommends a cancer classification. *See* EPA, *Evaluating Pesticides for Carcinogenic Potential*, https://www.epa.gov/pesticide-science-and-assessing-pesticide-risks/evaluating-pesticides-carcinogenic-potential (last visited Mar. 8, 2017).

10. In 2009, EPA initiated a reregistration review of glyphosate to ensure that it still performs "its intended function without unreasonable adverse effects on human health or the environment." Regulations.gov, *Glyphosate Registration Review Docket*, No. EPA-HQ-OPP-2009-0361 (July 22, 2009), https://www.regulations.gov/document?D=EPA-HQ-OPP-2009-0361-0001. As part of the review, EPA evaluates the potential risks to human health from the

chemical. EPA initially stated it would complete the review by 2015, then 2016, but the review is still ongoing. *Id.*

11. In September 2016, EPA posted the 2015 CARC Final Report to its Glyphosate Registration Review Docket, https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

12. The CARC report's classification of glyphosate as "not likely to be carcinogenic to humans" conflicts with the conclusion in the 2015 report by the World Health Organization's International Agency for Research on Cancer (IARC), which found that glyphosate is "probably carcinogenic to humans." IARC, *IARC Monographs Volume 112: evaluation of five organophosphate insecticides and herbicides* (Mar. 20, 2015), http://www.iarc.fr/en/media-centre/iarcnews/pdf/MonographVolume112.pdf.

**The FOIA Request**

13. On May 12, 2016, Plaintiffs submitted a FOIA request to EPA using EPA's online request portal. The request asked EPA for (1) records from January 1, 2015, through the date of the request "referring or relating to the CARC report on glyphosate," and (2) records from January 1, 2015, through the date of the request between Monsanto officials and EPA "that discuss or relate to glyphosate." The request also sought a fee waiver.

14. By email dated May 12, 2016, EPA confirmed receipt of Plaintiffs' request and assigned it case number EPA-HQ 2016-006618.

15. By email dated May 19, 2016, EPA determined that the fee waiver request was "not applicable as the request is not billable."

16. By letter attached to an email sent on May 26, 2016, EPA stated that it had initiated a search for responsive records that "could take up to 2-3 weeks to complete."

17. Under 5 U.S.C. § 552(a)(6)(A)(i), EPA had 20 working days to respond to Plaintiffs' FOIA request. More than 205 working days have passed since EPA acknowledged receipt of the request.

18. To date, EPA has not made a determination on Plaintiffs' FOIA request, nor has EPA produced any materials in response to that request.

**CLAIM FOR RELIEF**

19. Plaintiffs have a statutory right under FOIA to the requested records. EPA has no legal basis for refusing to produce these records.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs request that this Court:

A. Declare that Defendant's withholding of the requested records is unlawful under FOIA;

B. Order Defendant to make the requested records available in their entirety to Plaintiffs within 14 days of the Court's order;

C. Award Plaintiffs their costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E); and

D. Grant all other appropriate relief.

Dated: March 9, 2017

Respectfully submitted,

/s/ Rachel M. Clattenburg

Rachel M. Clattenburg (DC Bar No. 1018164)
Adina H. Rosenbaum (DC Bar No. 490928)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000